NO. 07-09-0199-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JULY 15, 2009
______________________________

CHARLES LEE HESS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________


FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 57,241-E; HONORABLE DOUGLAS WOODBURN, JUDGE

_______________________________


Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ. 
ORDER OF DISMISSAL
          Appellant, Charles Lee Hess, appeals his conviction for injury to an elderly
individual. The certification of right to appeal executed by the trial court states appellant
waived the right of appeal. We brought this matter to the attention of appellant’s counsel
by letter and granted her an opportunity to obtain an amended certification entitling
appellant to appeal. No such certification was received within the time granted. Having
received no amended certification, we dismiss the appeal in compliance with Texas Rule
of Appellate Procedure 25.2(d).

Per Curiam
 

Do not publish. 





ily: Arial"> Appellate counsel notes that the admonishment given appellant by the trial court
regarding his right to appeal was incorrect in that it imposed terms more restrictive than the
law requires. The court admonished appellant as if he were a person entering a plea of
guilty pursuant to a plea bargain. Appellant was admonished that he would have to obtain
consent from the trial court to appeal his plea of guilty and to invoke the jurisdiction of this
court he would have to comply with the requirements of Texas Rule of Appellate Procedure
25.2(b)(3) in his notice of appeal. (3) Appellant, however, was not entering a plea of guilty
pursuant to a plea bargain. Even though appellant was incorrectly advised regarding his
right to appeal, he timely filed a notice of appeal sufficient to perfect his appeal. No issue
is raised by the improper admonishment. 

 This court has independently reviewed the record and legal authority, including that
cited by counsel in his brief. Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991);
see Penson v. Ohio, 488 U.S. 75, 109 S. Ct. 346, 102 L. Ed 2d 300 (1988). The record
indicates that appellant was timely indicted and provided representation by legal counsel,
signed admissions of guilt and written admonishments, and was orally examined and
admonished by the trial judge before the guilty plea was accepted. The sentence imposed
by the court is within the range of punishment provided for by statute. We find no arguable
grounds for appeal. 

 Counsel's Motion to Withdraw is therefore granted and the judgment of the trial court
is affirmed. 

 

 James T. Campbell

 Justice



Do not publish.



1. Anders v. California, 386 U.S. 738, 744-45, 87 S. Ct. 1396, 1400, 18 L. Ed 2d 493,
498 (1967).
2. Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). 
3. Appellant's sentencing hearing was held on December 2, 2002. Amendments to
Texas Rule of Appellate Procedure 25.2, effective January 1, 2003, replaced subdivision
25.2(b)(3) with current subdivision 25.2 (a)(2).